Harry G. Herman, S.
The natural father of the two infants involved herein has petitioned this court to abrogate the adop *54 tions of his two children granted by this court on February 27, 1963 to the natural mother and her second husband.
The petitioner and the natural mother were married in January, 1954, and the two children, now 10 and 9 years old respectively were born of that marriage. The natural parents were divorced in April, 1961, and the natural mother remarried in March, 1962. She apparently left her second husband at the beginning of 1964, and took up residence with another man, taking the two children with her. After obtaining a divorce from her second husband in Mexico on October 31, 1964, the natural mother married this man on November 13, 1964, and they are now living together with the two children. The petitioner himself married another woman in March, 1962; she had been previously married in 1957, had two children, and had obtained a divorce in January, 1962 in Arkansas.
The petitioner seeks to abrogate his consent to the adoption of his two children by his wife’s second husband under section 118-a of the Domestic Relations Law, alleging that said second husband was not supporting the children, had abandoned them, and had violated his parental duties to the children. The second husband has appeared and denies the charges. Under the circumstances it is obvious that he was deserted by the natural mother who took up residence with and then later married the man who is now her husband; he certainly, under these circumstances, cannot be charged with nonsupport or abandonment of the children that he had adopted sufficient to conclude that he “ justly forfeited his right ” (§ 118-a). The petition as to the abrogation is denied.
The petitioner also prays that the care and custody of the infants be awarded to him, based on these facts. There was nothing adduced at the hearing which would establish that the two children are living under surroundings or conditions which would affect them adversely. The primary interest of the court and the controlling consideration is the welfare of the children, and the determination is now made that their custody and control will not be disturbed at this time, but will be left with the natural mother. However, should the surrounding circumstances as to the children in the future change sufficiently to warrant a renewal of the application as to custody, the right is reserved to the natural father to institute such proceedings in this or any other court, as he may be advised, to seek custody.